

# Notice of Service of Process

A3M / ALL
Transmittal Number: 19081787
Date Processed: 12/12/2018

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street, 9275-LC12L<br>Saint Paul, MN 55102 |
| **Entity:** | The Standard Fire Insurance Company<br>Entity ID Number 2317464 |
| **Entity Served:** | The Standard Fire Insurance Company d/b/a Travelers |
| **Title of Action:** | Laura N. Woods vs. The Standard Fire Insurance Company d/b/a Travelers |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fayette County Circuit Court, KY |
| **Case/Reference No:** | 18-CI-4199 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 12/11/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Stephen P. Stoltz<br>859-252-9000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| AOC-105　Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice　www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 18-CI-4199<br>Court　✓ Circuit ☐ District<br>County　Fayette |
|---|---|---|

**PLAINTIFF**

LAURA　　　N.　　　WOODS

VS.

**DEFENDANT**

THE STANDARD FIRE INSURANCE
COMPANY D/B/A TRAVELERS

**Service of Process Agent for Defendant:**
Corporate Service Company
421 West Main Street

Frankfort,　　　　　　　　　　　　　　　　Kentucky　　　40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

　　You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

　　The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC 06 2018, 2_____

VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
CIVIL DIVISION
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507

By: _____ Clerk
_____ D.C.

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____
_____ Title

FAYETTE CIRCUIT COURT
CIVIL BRANCH
____ DIVISION

FILED
ATTEST, VINCENT RIGGS, CLERK
NOV 29 2018
FAYETTE CIRCUIT CLERK
BY_____ DEPUTY

**LAURA N. WOODS**                                                                 **PLAINTIFF**

v.                                         **COMPLAINT**                     No. 18-CI-4499

**THE STANDARD FIRE INSURANCE**
**COMPANY D/B/A TRAVELERS**                                                   **DEFENDANT**

**Serve Registered Agent:**

**Corporate Service Company**
**421 West Main Street**
**Frankfort, Kentucky 40601**

\* \* \* \* \*

Comes now the Plaintiff Laura N. Woods ("Woods"), by counsel, and for her Complaint in the above-styled action, states as follows:

**Parties, Jurisdiction, and Venue**

1. At all times relevant to this action, Woods was a resident of Kentucky, and she currently resides in Lexington, Fayette County, Kentucky.

2. At all times relevant to this action, Defendant The Standard Fire Insurance Company d/b/a Travelers ("Travelers"), was a corporation duly organized and incorporated in the state of Connecticut, and duly organized and licensed to do business in the Commonwealth of Kentucky, and transacting business in the Commonwealth of Kentucky. Its registered agent for service of process in Kentucky is Corporation Service Company, 421 West Main Street Frankfort, Kentucky 40601.

3. Jurisdiction and venue are proper in this Court because Woods resides in Fayette County, Kentucky; Travelers is a corporation; the insurance policy at issue has been and was to

be performed in Fayette County, Kentucky; and the amount in controversy exceeds the minimum jurisdictional amount.

## Factual Background

4. Woods incorporates all allegations asserted in the preceding paragraphs.

5. On December 18, 2016 at approximately 9:44 a.m., Woods was operating a 1998 Toyota Tacoma (the "Tacoma"), while traveling East on Military Pike in Woodford County, Kentucky.

6. At that same time, Joshua Eaves ("Eaves") was operating a 2003 Honda Accord (the "Accord") while traveling West on Military Pike, Woodford County, Kentucky.

7. Eaves operated the Accord in such a careless, reckless, and otherwise negligent manner so as to cause the Accord to cross the center lines of Military Pike and collide with Woods's Tacoma head on.

8. Eaves's negligence, which is not contested, was the sole and/or substantial cause of the collision that occurred on December 18, 2016 between Eaves and Woods.

9. At the time of the collision, Eaves was insured by an automobile liability policy with USAA General Indemnity Company ("USAA") under which the limits of liability coverage were $50,000 per person/$100,000 per accident.

10. At the time of the collision, the Tacoma was insured under a policy of insurance with Travelers, Policy No. 996057891-203-1 (the "Policy"), which provided, among other coverages, underinsured motorist insurance ("UIM") with limits of $100,000 per person/$300,000 per accident.

11. As a result of Eaves's negligence on December 18, 2016, Woods suffered bodily injuries, both temporary and permanent; incurred medical expenses, past and future; suffered lost

wages at work; sustained, both temporary and permanent, impairment to her ability to labor and earn money; and suffered great pain and suffering, both mental and physical, past and future, all to her damage and detriment.

12. Woods's damages from the subject collision exceed, by more than $100,000, the amount of Eaves's liability insurance limits with USAA, thereby making Eaves an "underinsured motorist" within the meaning of KRS 304.39-320 at the time of the subject collision.

13. At the time of the subject collision, Woods was an "insured" under the Policy issued by Travelers for purposes of UIM coverage.

14. It is uncontested Woods's injuries and damages from the subject collision with Eaves far exceed $150,000, the combined per person limits of Eaves's USAA liability policy ($50,000) and the per person UIM limit of the Policy ($100,000).

15. On or about September 14, 2018, Woods demanded that Travelers pay her the Policy's UIM per person limits of $100,000 for the damages she sustained in the subject motor vehicle collision.

16. On or about October 5, 2018, Travelers notified Woods, by and through its claims adjuster, she was not entitled to receive the full amount of the Policy's UIM per person coverage limits of $100,000.

17. On or about October 5, 2018, Travelers, by and through its claim adjuster, informed Woods that only $39,000 of the Policy's $100,000 UIM per person limits would be paid to Woods because of setoff provisions in the Policy, which represented a difference of $61,000 in UIM insurance benefits payable to Woods. This number represents the $100,000 limits, less credits for Eaves's bodily injury liability limits ($50,000), med pay ($1,000), and PIP ($10,000).

3

18. The PIP benefits paid or payable under the Kentucky's Motor Vehicle Reparations Act, KRS Chapter 304.39 (the "MVRA") are no-fault benefits; they are paid regardless of who is responsible for the subject motor vehicle collision.

19. The Med Pay benefits paid or payable under the Policy are paid without regard to liability; they are paid regardless of who is responsible for the subject motor vehicle collision.

20. No express condition, exclusion, term, or language in the Policy permits the setoff (or reimbursement) of PIP and Med Pay benefits paid or payable under the Policy from the limits of the UIM benefits available under the Policy.

21. PIP and Med Pay benefits were paid or payable by Travelers to Woods or to her medical providers as a result of the subject collision.

22. PIP and Med Pay benefits were not paid or payable to Woods or to her medical providers "by or on behalf of persons or organizations who may be legally responsible," within the meaning of paragraph C.1. on page UIM-2 of the Policy.

23. PIP and Med Pay benefits were not paid or payable to Woods or her medical providers "by or on behalf of persons or organizations who may be legally responsible," within the meaning of the Policy.

24. Travelers lacked (and continues to lack) a reasonable basis for the position it has taken regarding the amount of available UIM benefits payable to Woods under the Policy.

25. Travelers knew or acted with reckless disregard as to whether any reasonable basis existed with regard to denying Woods the full amount of UIM coverage available under the Policy.

26. Woods has suffered and will continue to suffer inconvenience and harm from Travelers's wrongful attempt to deny Woods the full $100,000 policy limits of UIM benefits available under the Policy.

27. Woods has lost and will continue to lose income, incur legal fees and expenses, and suffer other financial losses as a result of Travelers's wrongful attempt to deny Woods the full amount of UIM benefits available under the Policy.

28. Travelers has a company-wide policy or stance of attempting to limit the full amount of policy UIM benefits payable to its insureds despite knowing it has no reasonable basis for doing so.

### Count I: Declaration of Rights

29. Woods incorporates all allegations asserted in the preceding paragraphs.

30. The provision of the Policy on which Travelers relies to limit the amount of UIM benefits payable to Woods is unenforceable in the Commonwealth of Kentucky as against public policy of this Commonwealth in regard to the nature and purpose of UIM benefits.

31. Travelers is not permitted to limit the amount of UIM benefits payable to Woods by the amount of PIP benefits paid, as it renders PIP benefits illusory, in violation of the MVRA.

32. Travelers is not permitted to limit the amount of UIM benefits payable to Woods by the amount of Med Pay benefits paid, as it renders the Med Pay provisions of the Policy illusory.

33. Accordingly, an actual controversy exists with respect to the rights of Woods under the Policy concerning the amount of available UIM benefits payable as a result of the subject collision.

34. Woods, as an insured under the Policy, is entitled to a declaration of rights under KRS 418.045.

35. The issuance of a declaratory judgment will resolve the controversy between the parties related to the amount of UIM benefits payable to Woods under the Policy.

### Count II: Breach of Contract - UIM Benefits

36. Woods incorporates all allegations asserted in the preceding paragraphs.

37. Woods's injuries and damages exceed the $50,000 of bodily injury liability limits available under Eaves's policy with USAA and the $100,000 UIM limits of the Travelers Policy.

38. Travelers is obligated to pay Woods, to the extent of its per person UIM policy limits listed in the Declarations Page of the Policy, or $100,000, for Woods's damages and injuries that exceed the bodily injury liability limits of Eaves's policy with USAA.

39. To date, Travelers has refused to pay the full policy limits of $100,000 for UIM benefits owed to Woods and wrongfully claims Travelers is entitled to a setoff in the amount of $61,000 when determining the amount of UIM benefits payable to Woods.

40. The foregoing constitutes a breach of contract by Travelers.

41. Woods is entitled to a judgment against Travelers for the full amount of the UIM Policy limits of $100,000 listed in the Declarations Page of the Policy.

### Count III: Violation of PIP Statute/MVRA

42. Woods incorporates all allegations asserted in the preceding paragraphs.

43. The Policy, which purports to be a Connecticut policy, contains no express provision providing PIP coverage for insureds injured in motor vehicle collisions.

44. Travelers writes automobile insurance regularly in the Commonwealth of Kentucky, is licensed here, and transacts business here.

45. In January of 2017, Travelers paid a total of $10,000 of PIP benefits to various medical providers of Woods for bills relating to the subject collision, as it is required to do under the MVRA.

46. Travelers now insists on taking a $10,000 credit against the UIM benefits due Woods for the PIP benefits it paid to her medical providers.

47. Pursuant to the MVRA, Travelers is required to seek reimbursement of any PIP benefits it paid either from Eaves or from his insurer, USAA, not from Woods.

48. The foregoing conduct of Travelers in seeking PIP reimbursement from Woods via UIM setoff is a violation of the MVRA.

49. Pursuant to KRS 304.39-070 and KRS 304.39-210(2), Woods is entitled to her reasonable attorney's fees and costs incurred herein as well as 18% interest.

### Count IV: Bad Faith

50. Woods incorporates all allegations asserted in the preceding paragraphs.

51. Travelers lacked a reasonable basis for denying Woods the full amount of policy limits for UIM benefits listed in the Declarations Page of the Policy of $100,000, and acted with reckless disregard for whether such a basis existed.

52. Travelers has acted and continued to act with ulterior motives by attempting to deny Woods the full amount UIM benefits available under the Policy.

53. Travelers failed to communicate to Woods a reasonable basis for its UIM coverage decision reasonably promptly.

54. Travelers has a duty to act in good faith and to deal fairly with Woods.

55. The aforesaid conduct of Travelers constitutes bad faith and is a breach of its duty to act in good faith and to deal fairly with Woods as provided by common law.

56. As a direct and proximate result of Travelers's bad faith conduct, Woods has been damaged as set forth in this Complaint.

57. Travelers has acted towards Woods with malice and/or reckless disregard for her rights and property, and/or with gross negligence.

### Count V: Violation of the Unfair Claims Settlement Practices Act

58. Woods incorporates all allegations asserted in the preceding paragraphs.

59. Travelers has violated the Unfair Claims Settlement Practices Act ("UCSPA") as set forth in KRS 304.12-230 and other applicable law, because Travelers has (1) misrepresented pertinent facts or insurance policy provisions relating to coverages at issue; (2) failed to acknowledge and act reasonably and promptly upon communications with respect to a claim arising under the Policy; (3) failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (4) refused to pay claims pay claims without conducting a reasonable investigation based upon all available information; (5) did not attempt in good-faith to effectuate prompt, fair, and equitable settlement of claims for defense costs and any associated indemnity costs when such obligation to pay for costs had become reasonably clear; (6) compelled Woods to institute litigation to recover amounts due under the insurance policy; and (7) failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts an applicable law for denying Woods the full amount of policy limits for UIM benefits listed in the Declarations Page of the Policy.

60. As a direct and proximate result of the aforesaid unfair, deceptive, illegal, and intentional acts of Travelers, Woods has suffered inconvenience and financial damages, all in an amount in excess of the jurisdictional limits of this Court.

61. Travelers has violated KRS 304.12-235, which entitles Woods to recover attorney's fees, costs, and 12% interest on her claims.

### Count VI: Punitive Damages

62. Woods incorporates all allegations asserted in the preceding paragraphs.

63. Travelers has acted towards Woods with malice and/or reckless disregard for her rights and property, and/or with gross negligence in breaching its common law duty of good faith and its various violations of UCSPA.

64. As a result of Travelers' wrongful, illegal, and tortious conduct herein alleged, Woods is entitled to recover punitive damages against Travelers in an amount sufficient to punish and deter Travelers from the wrongful, illegal and tortious conduct alleged herein.

**WHEREFORE**, Laura N. Woods demands judgment against Travelers, as follows:

A. A judgment declaring that Travelers cannot reduce the amount of policy limits for UIM benefits listed in the Declarations Page of the Policy ($100,000) due Woods for the subject collision;

B. A judgment against Travelers awarding Woods the full amount of UIM coverage under the Policy, $100,000, plus inconvenience, loss of income, financial damages, and any other compensatory damages caused by Travelers for violation of the MVRA, common law bad faith, the Unfair Claims Settlement Practices Act, and other laws;

C. Statutory interest at 18% per annum (or, alternatively, 12% per annum) on all compensatory amounts awarded, together with Woods's reasonable attorney's fees and expenses incurred;

D.   A judgment against the Travelers for punitive damages in an amount sufficient to punish Travelers for and to deter Travelers from the wrongful, illegal and tortious conduct alleged herein; and

E.   A trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Stephen P. Stoltz, Esq.
Blake C. Nolan, Esq.
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street, Suite 102
Lexington, Kentucky 40507
Telephone: (859) 252-9000
Facsimile:  (859) 233-4269
sstoltz@gmalaw.com
bnolan@gmalaw.com
*Counsel for Plaintiff,*
*Laura N. Woods*

S:\SStoltz\Woods L&A\Travelers\Complaint (SPS) 11.20.18.docx



CIRCUIT COURT CLERK VINCENT RIGGS
FAYETTE CIRCUIT & DISTRICT COURTS
CIRCUIT COURT CIVIL DIVISION, ROOM C103
ROBERT F. STEPHENS CIRCUIT COURTHOUSE
120 NORTH LIMESTONE
LEXINGTON, KENTUCKY 40507



9414 7266 9904 2967 469
RETURN RECEIPT REQUESTED

469864

CORPORATE SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

STANDARD FIRE INSURANCE

18-CI-4199

406018$1815 C003