Ex 47 - TR 2656-59

**From:** Darout,Enante <EDAROUT@travelers.com>
**Sent:** Wednesday, November 28, 2018 1:43 PM
**To:** Claim Legal Cognizant
**Subject:** 2018123095
**Attachments:** KY v. CT.docx

Title: KY v. CT analysis
Author: Enante Darout

Enante Darout | Associate Counsel | Claim Legal Liability
Licensed in PA & NJ
Travelers
New Jersey Claim Center
W: 973-631-3129  F: 877-786-5568
Mailing Address:
Travelers
P.O. Box 430
Buffalo, NY 14240-0430

**TRAVELERS**

**From:** Darout,Enante
**Sent:** Wednesday, November 28, 2018 1:40 PM
**To:** Allen,Patricia M <PALLEN@travelers.com>
**Subject:** RE: Auto - Dawson Newberry - H0A6087 - draft.docx

I believe this case will end up in litigation. The one thing that is clear is that this will apply on a case-by-case basis.

I found an unpublished case that would not only support what we found in the LaCross case, but it goes further because the party seeking UIM has ties to KY. It simply wasn't enough, or compelling, to sway the court to believe KY law should apply. In the document attached, I reviewed 3 cases, which I feel are very important. I summarized each case, including the courts finding and reasoning. Based on these cases, I think we have a solid argument to show that CT would apply. However, this will ultimately be decided in a courtroom.

Enante Darout | Associate Counsel | Claim Legal Liability
Licensed in PA & NJ
Travelers
New Jersey Claim Center
W: 973-631-3129  F: 877-786-5568
Mailing Address:
Travelers
P.O. Box 430
Buffalo, NY 14240-0430

**TRAVELERS**

**From:** Allen,Patricia M
**Sent:** Wednesday, November 21, 2018 1:22 PM

1

To: Darout,Enante <EDAROUT@travelers.com>
Subject: RE: Auto - Dawson Newberry - H0A6087 - draft.docx

Ok. Lacrosse still stood for the proposition that there is no public policy for UM/UIM claims. We can expect an argument from the plaintiff attorney that points out this distinction that the victim in our case is a KY resident, but do we want to concede that point now? Do you feel there is enough of an interest that KY law will apply? I agree that KY has an interest but is it compelling and does it outweigh any interest CT has?

Patricia Allen | Senior Counsel | Claim Legal Auto
Travelers
One Tower Square, 4MS
Hartford, CT 06183
W 860.954.7180  F 888.420.2798

**TRAVELERS**

From: Darout,Enante
Sent: Tuesday, November 20, 2018 3:37 PM
To: Allen,Patricia M <PALLEN@travelers.com>
Subject: Auto - Dawson Newberry - H0A6087 - draft.docx

Pat,

I apologize for all the drafts, but the key difference that you and I discussed about the LaCrosse is the very crux of the issue. In short, we were right the first time. As you and I discussed, the key difference with Lacrosse and our case is that the person seeking benefits in the Lacrosse case was not a resident of KY. Because he was not a resident of KY, KY has no compelling interest. However, where the person affected by the differing conflict of laws results is a resident, KY will have an interest.

*8 Yet, Georgel overlooks a key aspect of *Preston* that is not present under the facts at hand. In *Preston*, the insure stood to benefit from Kentucky law—was in fact a citizen of Kentucky. *Id.* at 146. By contrast, Georgel is not. As the Kentucky explained in *Hodgkiss-Warrick*, the public policy exception requires a "wellfounded rule of domestic polic protect the morals, safety or welfare of our people." 413 S.W.3d 875, 882 (Ky.2013) (emphasis supplied). Further, t "[w]here no Kentucky resident has been affected, rarely will that standard be met." *Id*; see also *State Farm Mut Aut Marley*, 151 S.W.3d 33, 42 (Ky.2004) ("Kentucky has no interest in applying our public policy to provide benefits to who would not be entitled to them under Indiana law"). With the dismissal of Preece, this action no longer involves resident, thus, it would be improper to deviate from the standard choice of law rules in order to promote Kentucky's comparative negligence.

Georgel v. Preece, 2014 WL 5500404 (E.D.Ky. Oct. 30, 2014).

### State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick; 413 S.W.3d 875

- Hodgkiss- Warrick was one of 4 passengers in a vehicle driving through KY. All 4 passengers in the vehicle were PA residents. The other driver was a KY resident. Hodgkiss-Warrick injured when hit by a car driven by KY resident. Hodgkiss-Warrick seeking UIM coverage under her own policy.
- Court advises that PA applies to insurance coverage dispute.
- **KY public policy does not prohibit the Policy provision at issue.**
- "To bar enforcement in the case where the contract was valid where made, the Kentucky public policy against enforcement must be a substantial one, a "well-founded rule of domestic policy established to protect the morals, safety or welfare of *our people*." Bevins, 195 S.W. at 155 (emphasis supplied). Where no Kentucky resident has been affected, rarely will that standard be met. It is not met here where the competing public policies—supposing a Kentucky policy against this UIM exclusion—concern only the balance to be struck between required insurance coverage and insurance affordability, a balance different states have assessed *883 differently. ==Since here no Kentucky resident is affected, nothing requires a Kentucky court to interfere with the balance Pennsylvania has chosen for its citizens.==" At 883.

### LaCrosse v. Owners Insurance Company; 531 S.W.3d 25

- Illinois v. KY. Court found Ill. Law applied to the facts
- Truck Driver, an Ill. Resident, sought UIM (Progressive) under his policy and WC. Owners also provided no-fault coverage.
    - Trial ct applied Ill in that each UIM coverage obligation was reduced by setoffs from collateral source payment.
- Court Analysis:
    - Most significant relationship test
    - LaCrosse resides in Ill. Driving a truck owned by an Ill., LLC acting in the scope of his employment
    - Owners and Progressive insurance policies/contracts were negotiated in Ill. With the exception of the accident occurring in KY and tortfeasor being a KY resident, all other relevant connections are to Ill.
        - Therefore, Ill. Was decided to be the choice of law
    - ==KY Choice of law only disregarded when KY public policy clearly overwhelmingly disfavors application of the foreign state's law.==
    - ==Since Kentucky has no clear public policy on UIM coverage, and Kentucky seems to have no compelling interest in applying its own laws in this case, we therefore agree with the trial court that Illinois law is applicable to the policies at issue==

### Thaxton v. Allstate Insurance Company; 2018 WL 3005930 - unpublished

- KY v. OH. Court determined that OH applies
- Thaxton seeking UIM coverage under Allstate Ins. Co. Thaxton argues KY (no setoffs). Allstate says OH applies – subject to setoffs.

- Facts:
    - Car accident occurred in KY.
    - Car involved registered in OH. License of Owners show OH address. Owners recently moved from OH to KY, but maintained an OH license and continued to renew its license in OH after they moved to KY.
    - . Mr. Thaxton ran a dealership in OH. Stayed in OH a few days each week either at the lot or with a relative. Thaxton stayed in KY when lot was not open. Thaxton closed the OH dealership shortly before the accident happened. Vehicle in question was added to the OH policy.
    - Car garaged in KY.
    - Ms. Thaxton procured KY insurance policy on her business in KY, but purchased OH ins for auto.
    - Thaxton policy makes it clear that OH is Choice of law.
    - UIM issue – Allstate assets that they're entitled to a credit and/or setoff of all amounts paid or payable by virtue of tortfeasor liability ins.
    - Allstate contends OH law was controlling.
- Court's reasoning:
    - Thaxton entered into an insurance contract in Ohio which makes specific reference to Ohio law. The 2000 Corvette covered by the policy was registered and licensed in Ohio, and Thaxton represented to Allstate the vehicle would be garaged and primarily used in Ohio. The expectation of the parties as to the principal location of the insured risk is clearly Ohio
    - ==Ohio clearly had a significant relationship with the parties and the insurance transaction at issue here. Thus, Ohio law should control absent some compelling reason to the contrary. *Id.* at 879. No such reason has been presented. Apart from Thaxton providing Allstate with a Kentucky post office box mailing address, all actions related to negotiating, contracting and performing the insurance transaction occurred in and concerned Ohio *4==

TRAV_002659