Ex 49 - TR 2660-62

**From:** Darout,Enante <EDAROUT@travelers.com>
**Sent:** Wednesday, November 28, 2018 2:36 PM
**To:** Claim Legal Cognizant
**Subject:** 2018123095

Title: Approval
Author: Enante Darout

Enante Darout | Associate Counsel | Claim Legal Liability
Licensed in PA & NJ
Travelers
New Jersey Claim Center
W: 973-631-3129   F: 877-786-5568
Mailing Address:
Travelers
P.O. Box 430
Buffalo, NY 14240-0430

**TRAVELERS**

**From:** Darout,Enante
**Sent:** Wednesday, November 28, 2018 2:34 PM
**To:** Allen,Patricia M <PALLEN@travelers.com>
**Subject:** RE: Auto - Dawson Newberry - H0A6087 - draft.docx

No problem. I'll go ahead and send my latest opinion to the claim professional.

Enante Darout | Associate Counsel | Claim Legal Liability
Licensed in PA & NJ
Travelers
New Jersey Claim Center
W: 973-631-3129   F: 877-786-5568
Mailing Address:
Travelers
P.O. Box 430
Buffalo, NY 14240-0430

**TRAVELERS**

**From:** Allen,Patricia M
**Sent:** Wednesday, November 28, 2018 2:30 PM
**To:** Darout,Enante <EDAROUT@travelers.com>
**Subject:** RE: Auto - Dawson Newberry - H0A6087 - draft.docx

Enante,

Thank!. I think that ultimately CT law will apply and the outcome will hinge on whether a court feels that the fact that she is a KY resident outweighs any relationship CT has.  There were a few typos, and I have a couple of

1

TRAV_002660

questions/comments. I could tell that you looked at this issue very thoroughly, and I appreciate your help with this and all the time you spent in reviewing this matter.

Patricia Allen | Senior Counsel | Claim Legal Auto
Travelers
One Tower Square, 4MS
Hartford, CT 06183
W: 860.954.7180   F: 888.420.2798

**TRAVELERS**

From: Darout,Enante
Sent: Wednesday, November 28, 2018 2:03 PM
To: Allen,Patricia M <PALLEN@travelers.com>
Subject: RE: Auto - Dawson Newberry - H0A6087 - draft.docx

Enante Darout | Associate Counsel | Claim Legal Liability
Licensed in PA & NJ
Travelers
New Jersey Claim Center
W: 973-631-3129   F: 877-786-5568
Mailing Address:
Travelers
P.O. Box 430
Buffalo, NY 14240-0430

**TRAVELERS**

From: Darout,Enante
Sent: Wednesday, November 28, 2018 1:40 PM
To: Allen,Patricia M <PALLEN@travelers.com>
Subject: RE: Auto - Dawson Newberry - H0A6087 - draft.docx

I believe this case will end up in litigation. The one thing that is clear is that this will apply on a case-by-case basis.

I found an unpublished case that would not only support what we found in the LaCross case, but it goes further because the party seeking UIM has ties to KY. It simply wasn't enough, or compelling, to sway the court to believe KY law should apply. In the document attached, I reviewed 3 cases, which I feel are very important. I summarized each case, including the courts finding and reasoning. Based on these cases, I think we have a solid argument to show that CT would apply. However, this will ultimately be decided in a courtroom.

Enante Darout | Associate Counsel | Claim Legal Liability
Licensed in PA & NJ
Travelers
New Jersey Claim Center
W: 973-631-3129   F: 877-786-5568
Mailing Address:
Travelers
P.O. Box 430
Buffalo, NY 14240-0430

TRAV_002661

**TRAVELERS**

From: Allen, Patricia M
Sent: Wednesday, November 21, 2018 1:22 PM
To: Darout, Enante <EDAROUT@travelers.com>
Subject: RE: Auto - Dawson Newberry - HOA6087 - draft.docx

Ok. Lacrosse still stood for the proposition that there is no public policy for UM/UIM claims. We can expect an argument from the plaintiff attorney that points out this distinction that the victim in our case is a KY resident, but do we want to concede that point now? Do you feel there is enough of an interest that KY law will apply? I agree that KY has an interest but is it compelling and does it outweigh any interest CT has?

Patricia Allen | Senior Counsel | Claim Legal Auto
Travelers
One Tower Square, 4MS
Hartford, CT 06183
W: 860.954.7180  F: 888.420.2798

**TRAVELERS**

From: Darout, Enante
Sent: Tuesday, November 20, 2018 3:37 PM
To: Allen, Patricia M <PALLEN@travelers.com>
Subject: Auto - Dawson Newberry - HOA6087 - draft.docx

Pat,

I apologize for all the drafts, but the key difference that you and I discussed about the LaCrosse is the very crux of the issue. In short, we were right the first time. As you and I discussed, the key difference with Lacrosse and our case is that the person seeking benefits in the Lacrosse case was not a resident of KY. Because he was not a resident of KY, KY has no compelling interest. However, where the person affected by the differing conflict of laws results is a resident, KY will have an interest.

*8 Yet, Georgel overlooks a key aspect of Preston that is not present under the facts at hand. In Preston, the insurer stood to benefit from Kentucky law—was in fact a citizen of Kentucky. Id. at 146. By contrast, Georgel is not. As the Kentucky explained in Hodgkiss-Warrick, the public policy exception requires a "wellfounded rule of domestic policy protect the morals, safety or welfare of our people." 413 S.W.3d 875, 882 (Ky 2013) (emphasis supplied). Further, t [w]here no Kentucky resident has been affected, rarely will that standard be met." Id; see also State Farm Mut Aut Marley, 151 S.W 3d 33, 42 (Ky 2004) ("Kentucky has no interest in applying our public policy to provide benefits to who would not be entitled to them under Indiana law."). With the dismissal of Preece, this action no longer involves resident; thus, it would be improper to deviate from the standard choice of law rules in order to promote Kentucky's comparative negligence.

Georgel v. Preece, 2014 WL 5500404 (E.D.Ky. Oct. 30, 2014).