**From:** Parsons,Matthew W
**Sent:** Wednesday, October 31, 2018 3:50 PM
**To:** Pencak,Christopher <CPENCAK@travelers.com>
**Cc:** Parsons,Matthew W <MWPARSON@travelers.com>
**Subject:** Referral to Claim Legal - H0A6087

EX 27 - TR 2568-69

---

## Request for Legal Advice - PRIVILEGED AND CONFIDENTIAL 2017

| Claim Number: | Claim Group: | Date Referred to CCGC / LOB Attorney: |
|---|---|---|
| H0A6087 | Auto | 10/31/2018 |

### Section 1) To be completed by Claim Professional and Unit Manager:

restore/close SEND ☑

More instructions for: Claim Professionals

☐ Show / Hide Section 1

**Insured:** Dawson Newberry

**Claimant:** Laura Woods

**Any Time Constraints?** ☐ Yes ☐ No    **Details:**

**Brief Description of Facts:** This is a UIM matter where the loss occurred in Kentucky and we have a Connecticut policy. There is contractual offset language within the Connecticut UIM form that stipulates you may take offsets on the policy limits given what has been paid out to the injured party.

**Brief Description of Issue and Claim Handler Analysis:** Plaintiff counsel is arguing that the setoffs taken on the matter may be enforceable in Connecticut if certain conditions are met. However in Kentucky setoff provisions are not enforceable because they are against the states public policy. Kentucky UIM statute KRS 304.39-320 states that UIM carriers cannot reduce the available amount of UIM coverage by taking credit for the tortfeasors limits. against the UIM policy limits.

Plaintiff counsel is contending that a conflict of law exists based on that. They are contending that Kentucky law would apply to legal claims of a Kentucky resident, injured in a Kentucky auto accident.

The injured party was the driver of our vehicle, our vehicle is from CT- has a CT policy. Our vehicle is owned by the father of the insured driver. The insured driver is a legal resident of Kentucky and her father was visiting her at the time of loss. He gave her permission to use the vehicle because her car was not able to be used at the time of the loss.

The issue to be addressed is whether we are able to take the offsets based on the contractual language within the policy, or due to the state the loss occurred and statute concerning set offs for UIM matters in Kentucky would we be responsible to pay up to the policy limit and not be granted any set offs.

------------------------------------------------------------

### Claim Professionals:

| Name: | Role: | Comments: | Date: |
|---|---|---|---|
| matt parsons | Claim Adjuster | | |
| chris pencak | Unit Manager | | |

### Other Participant(s):

| Name: | Role: | Comments: | |
|---|---|---|---|
| | Select or type... | | |

**AttachFiles:**

newberry policy.pdf
Foxit PhantomPDF PDF Document
222 KB

KY offset language letter.pdf
Foxit PhantomPDF PDF Document
1.00 MB

TRAV_002568

**Section 2) To be completed by Claim Legal:**
More instructions for: Attorneys | Admins

Matter Type / Matter Subtype:
Select ...

Auto Issues:
- ☐ Account Specific Issues
- ☐ Additional Insured
- ☐ Advertising/Marketing
- ☐ Agency/Broker/Program Manager
- ☐ Agent/Broker Issues
- ☐ Allocation
- ☐ Antisubrogation Rule
- ☐ Anti-Trust
- ☐ Auto Dealer E&O
- ☐ Auto Definition
- ☐ Bankruptcy
- ☐ Bobtail
- ☐ Bodily Injury
- ☐ Business Interruption/Extra Expense
- ☐ Choice of Law
- ☐ Claim Handling/Exposure Management
- ☐ Collision
- ☐ Complaint
- ☐ Compliance
- ☐ Comprehensive
- ☐ Contractual Risk Transfer (Offensive)
- ☐ Covered Auto
- ☐ Custom/Sound Equipment

Current Auto Choices:

Other Category Issue:

Line of Business:
Select ...

| Notes Topic: | Subject: |
|---|---|
| Admin | Note Text |
| Other (specify): | |

Next Steps:

1.0.0.253.1

TRAV_002569