UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LAURA N. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-658-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, doing business as Travelers, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is pending for consideration of Plaintiff Laura N. Woods' motion to review the Clerk of Court's taxation of costs. [Record No. 200] Following entry of judgment against Woods, Defendant The Standard Fire Insurance Company ("Standard Fire") tendered a bill of costs in the amount of $6,492.80, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. The Clerk disallowed a small portion of the requested amount and taxed costs in the amount of $6,477.80. [Record No. 199] Woods now seeks review of the Clerk's approval of two categories of costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a prevailing party generally is allowed to recover costs, other than attorneys' fees. In turn, 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must fall into the categories allowed under § 1920 and must be necessary and reasonable in amount. *Allen v. Highlands Hosp. Corp.*, 2009 WL 10711811, at \*2 (E.D. Ky. Mar. 24, 2009) (citations omitted). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Hunter v. Gen. Motors Co.*, 161 F. App'x 502, 503-04 (6th Cir. 2005). Accordingly,

the objecting party bears the burden of demonstrating that taxation of costs is improper. *Freeman v. Blue Ridge Paper Prods., Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015).

Standard Fire's bill of costs includes the following videotaped depositions: Huldah Green ($225.00); Stuart Setcavage ($580.50); and Daniel Venters ($420.50). [Record No. 192-1] Woods objects to the Clerk's approval of payment for videotaped depositions on the ground that they were was unnecessary because written transcripts of the depositions were available.[1]

The parties agree that Green resided in Connecticut and, therefore, her deposition *could* have been played at trial in lieu of live testimony pursuant to Rule 32(a)(4) of the Federal Rules of Civil Procedure. Woods reports that Setcavage and Venters were set to testify live "or by subsequent trial deposition." Standard Fire maintains that it would have used the videotaped depositions to impeach these witnesses' live testimony at trial.

Video deposition costs are taxable under § 1920 and "both stenographic transcripts and videotaped depositions, together, may be taxed." *Graham v. City of Hopkinsville, Ky.*, 2013 WL 4456685, at *2 (W.D. Ky. Aug. 16, 2013) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan*, 132 S. Ct. 1997 (2012)). To the extent Woods argues that the videotaped depositions ultimately were not used in the case, the defendant correctly notes that "[n]ecessity is determined as of the time of the taking, and the fact that a deposition is not actually used at

---

[1]     Woods also objects to taxation of costs with respect to her own videotaped deposition and that of Paul Galanski. However, only Woods' and Galanski's deposition transcripts are mentioned in the bill of costs. [*See* Record No. 192-1.] There is no indication in the bill of costs, the defendant's itemization, or the attached receipts that Standard Fire seeks reimbursement for copies of the videotaped depositions of Woods or Galanski.

trial is not controlling." [Record No. 201, p. 3 (citing *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)] Still yet, to be taxed as costs, both the transcripts and the videotaped depositions must be necessary and reasonable.

The defendant reasonably purchased a videotaped deposition of Green, knowing that she could not be subpoenaed to appear at a trial in Lexington, Kentucky, due to her residency more than 100 miles away from the court. *See* 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2412 (3d ed. 2022) ("Although the increasing availability and fidelity of videotaped depositions has provided a better alternative than reading a written transcription, the preference for live testimony is still endorsed by the federal courts."). However, the defendant has not satisfactorily explained why the videotaped depositions of Setcavage and Venters were necessary, when it could have used the deposition transcripts for impeachment purposes at trial. *See Tsavaris v. Savannah Law Sch., LLC*, 2021 WL 261272, at *5 (S.D. Ga. Jan. 26, 2021) (declining to tax costs when defendants failed to show why the possible need to impeach plaintiff required a *video* copy of her deposition).

Woods also objects to the Clerk's approval of $848.25 for duplicate paper copies of deposition transcripts. Woods seems to assert that the cost of extra copies should not be allowed at all, but goes on to argue that the amount requested is excessive, stating, "this is not 1960 [and] low-cost copiers are readily available." Standard Fire asserts that the cost is reasonable and reports that one copy of the transcripts was for "note taking for use in motion practice," while the originals were kept for trial. [Record No. 201, p. 5]

While it ultimately is not determinative, the Court finds it reasonable that counsel maintained one working copy and one clean copy of the deposition transcripts. *See United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963) ("Like the rest of successful trial advocacy,

it depends on preparation [which] means selection and that means mechanical aids such as checks, underscoring, marginal notes, and the like.") Woods has provided what purports to be an affidavit by court reporter Melissa Arnold, who prepared the deposition transcripts at issue.[2] The document states:

> On December 2, 2020, my office transcribed the deposition of Laura Woods in the case styled Laura N. Woods v. The Standard Fire Insurance Company, Case No. 5:18-CV658, U.S. District Court, Eastern District of Kentucky. The total charge to counsel for defendant for the original and a copy of this deposition transcript was $802.00, of which $274.95 was for the copy.

> On January 18, 2022, my office transcribed the deposition of Daniel Venters in the case styled Laura N. Woods v. The Standard Fire Insurance Company, Case No. 5:18-CV658, U.S. District Court, Eastern District of Kentucky. The total charge to counsel for defendant for the original and a copy of this deposition transcript was $713.80, of which $251.55 was for the copy.

> On January 24, 2022, my office transcribed the deposition of Stuart Setcavage in the case styled Laura N. Woods v. The Standard Fire Insurance Company, Case No. 5:18-CV658, U.S. District Court, Eastern District of Kentucky. The total charge to counsel for defendant for the original and a copy of this deposition transcript was $1,052.65, of which $321.75 was for the copy.

The defendant provided a second affidavit by Arnold in response to Woods' objections. Arnold clarified that someone from Woods' attorneys' office provided her with the original affidavit and asked her to sign it. After she did so, she realized that some of the information was incorrect. Specifically, Arnold reported that the extra copies of the deposition transcripts were complimentary and the fee would have been the same regardless of whether an additional copy was provided. [Record No. 201-1]

---

[2] The three-page "affidavit" is not signed. Woods has provided an additional page, which appears to be an image of the third page of the signed and notarized affidavit, which is dated November 21, 2022. [Record No. 200-1]

Woods urges the Court to disregard Arnold's second affidavit, suggesting that she was motivated to change her testimony based on her possible business relationship with the defendant's attorneys. The sham affidavit rule precludes a party from creating a factual issue by submitting an affidavit that contradicts or illegitimately supplements prior testimony without explaining the contradiction. *See Aerel v. PCC Airfoils, LLC*, 448 F.3d 899, 908 (6th Cir. 2006). However, the Court is satisfied that Arnold and the defendant have adequately explained the discrepancy. Woods fails to acknowledge that her attorneys prepared the initial affidavit and submitted it to Arnold for signature. It is unclear how Woods' counsel gained knowledge of the alleged charges for the additional copies as reported in the original affidavit. Arnold's invoices, which were tendered with the defendant's bill of costs, do not include a cost breakdown or otherwise suggest that the defendant paid an additional fee for the extra copies. [Record No. 192]

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.     Plaintiff Laura Woods' motion for review [Record No. 200] is **GRANTED**, in part, and **DENIED**, in part. Because videotaping the depositions of Setcavage and Venters was unnecessary, the Clerk's taxation of costs is reduced by $1,001.00.

2.     The Clerk of Court is **DIRECTED** to tax as costs, the following items:

        a.     $400.00 for fees of the Clerk;

        b.     $4,996.80 for printed or electronically recorded transcripts necessarily obtained for use in the case;

        c.     $80.00 for witness fees.

3.     In summary, the taxable costs awarded to the defendant totals $5,476.80.

Dated: December 30, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky