UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LAURA N. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-658-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, doing business as Travelers, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Laura Woods' motion for taxation of costs. [Record No. 207] Because both the plaintiff and the defendant are prevailing parties, the plaintiff's motion will be denied and the previous order granting the defendant's motion for taxation of costs will be vacated.

**I.**

Woods sued her automobile insurer, The Standard Fire Insurance Company ("Travelers"), in 2018 following an accident in which another driver, Joshua Eaves, hit Woods head-on. Woods suffered over $250,000 in damages as a result of the accident. Eaves was insured under a policy of insurance with USAA in which liability coverage was limited to $50,000 per person/$100,000 per incident.

Eaves' policy paid Woods $50,000. She also received $10,000 in PIP benefits and $1,000 in medical pay from Travelers. When Woods requested the $100,000 underinsured motorist ("UIM") limit of her Travelers policy, Travelers offered to pay her $39,000. This represented the $100,000 limit offset by the $50,000 from Eaves' insurance, the $10,000 PIP

payment, and the $1,000 medical payment. Woods filed suit against Travelers, alleging various claims including breach of contract and bad faith.

Senior District Judge Joseph M. Hood of this Court granted partial summary judgment to Woods on August 14, 2019, declaring that she was entitled to the full $100,000 because offsets are prohibited under Kentucky law. [Record Nos. 15, 17] The defendant paid Woods the $100,000 shortly thereafter. In October 2022, the Court granted summary judgment to the defendant on Woods' remaining claims for breach of contract, bad faith, violation of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), violation of the Kentucky Motor Vehicle Reparations Act ("MVRA"), and for punitive damages. Travelers submitted a timely bill of costs. [Record No. 192] Woods objected to certain costs, but did not object to Travelers' status as a prevailing party. The Court ultimately agreed with portions of Woods' objections and awarded taxable costs to the defendant in the amount of $5,476.80.

Woods filed a notice of appeal. On November 6, 2023, the United States Court of Appeals for the Sixth Circuit issued its opinion, largely affirming this Court's decision. However, it determined that Travelers violated the MVRA by delaying the $100,000 payment to Woods. The MVRA provides that "overdue payments bear interest at a rate of twelve percent (12%) per annum." The matter was remanded to this Court with instructions to determine the amount of interest recoverable under the statute. The mandate issued on December 14, 2023, providing "COSTS: None." [Record No. 205]

Woods filed a bill of costs on December 28, 2023, citing the December 14, 2023 mandate as the relevant "judgment." She requests a total of $8,296.40, which includes the filing fees to commence the district court action and the appeal, as well as "$7,362.00 for the fees of the court reporters and videographers for transcribing, recording, and producing copies

of witness deposition transcripts and videos," which were used at the district court level and in connection with her appeal. Woods contends that she is the prevailing party based on this Court's decision on October 2, 2019, and the Sixth Circuit's recent decision.

## II.

Rule 54(d) of the Federal Rules of Civil Procedure provides that, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 of the United States Code, section 1920, enumerates the various items that a judge or clerk of the court may tax as costs. Finally Rule 54.3 of the Local Rules of Civil Practice provides the deadline for filing a bill of costs:

> The prevailing party must file a Bill of Costs with the Clerk and serve a copy of the Bill on each adverse party within thirty (30) days of entry of judgment. If the Bill of Costs is not filed within thirty (30) days, costs, other than those of the Clerk, taxable pursuant to 28 U.S.C. § 1920, shall be waived. The Court may, on motion filed within the time for the filing of the Bill of Costs, extend the time for filing.

"A party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'" *Vogel v. E.D. Bullard Co.*, 2015 WL 12977019, at *1 (E.D. Ky. Mar. 10, 2015) (quoting *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012)). Further, a party is a prevailing party even if only partially successful. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824 (6th Cir. 2005); *Maker's Mark Distillery, Inc. v. Diageo N.A., Inc.*, 2010 WL 2651186, *1 (W.D. Ky. June 30, 2010). And when the results of a case are mixed, both parties have prevailed. *Vogel*, 2015 WL 12977019, at *1 (citing *Mills v. City of Barbourville*, 389 F.3d 568, 581 (6th Cir. 2004) (concluding that when both

plaintiff and defendants prevailed in part, the defendants could not be considered a "prevailing party" and each party should bear its own costs).

Here, the plaintiff prevailed on her claim for a declaration of rights related to the amount of UIM benefits payable to her under her insurance policy. As a practical matter, she also prevailed on her breach of contract claim (Count II), as it was rendered moot when the defendant paid her $100,000 based on the Court's ruling with respect to Count I. Woods also prevailed on Count III to the extent she is entitled to interest under the MVRA due to the defendant's delayed payment of the UIM benefits. The defendant, however, prevailed with respect to Woods' claims for common law bad faith, violations of the UCSPA, and for punitive damages.

Travelers contends that, with the exception of clerk's fees, Woods' bill of costs is untimely to the extent she seeks costs regarding Count I. It argues that if Woods intended to seek costs with respect to this count, she was required to file a bill of costs within thirty days of this Court's Judgment on October 7, 2022. That is likely correct, as the Judgment constituted a "judgment" as defined by Rule 54(a) of the Federal Rules of Civil Procedure and Woods did not seek an extension of time under Local Rule 54.3. *See* Fed. R. Civ. P. 54(a) (defining "judgment," in part, as "any order from which an appeal lies").

Travelers concedes that Woods is entitled to some costs with respect to Count III, but contends that "due to waiver," she may only seek costs incurred between October 7, 2022, and the Sixth Circuit's decision on November 6, 2023. But Woods did not "prevail" on this claim until the Sixth Circuit's ruling. She would have had no basis to request costs earlier and it is unclear why her costs would be limited to the appeal period.

Although Woods' request for costs associated with Count I is untimely, she clearly is the prevailing party with respect to this claim. And it would be practically impossible to distinguish the costs incurred in litigating the various counts, as the evidence almost certainly overlaps. While costs are generally awarded to a prevailing party as a matter of course, the court may, in its discretion, deny a request for costs. *Lynch v. Sease*, 2007 WL 2844962, at *2 (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)); 28 U.S.C. § 1920 (providing items the Court *may* tax as costs). Because both parties have prevailed on certain claims and each requests a comparable amount of costs to be taxed, the Court finds that each party should pay its own costs and expenses. [*Compare* Record No. 192 *with* 207.]

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Memorandum Opinion and Order dated December 30, 2022, which awarded taxable costs to the defendant [Record No. 203] is **VACATED**.

2. The plaintiff's Bill of Costs [Record No. 207] is **DENIED**.

3. Each party will be responsible for her/its own costs and expenses.

Dated: February 14, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky