UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LAURA N. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-658-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, doing business as Travelers, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Laura Woods' post-appeal motion for an award of interest on an overdue payment of benefits from Defendant Standard Fire Insurance Company.[1]  Having considered the matter, including the opinion by the United States Court of Appeals for the Sixth Circuit in *Woods v. Standard Fire Insurance Company*, 2023 WL 7304836 (6th Cir. Nov. 6, 2023), the Court will grant Woods' motion and award interest in the amount of $11,901.37.

The details of this case have been outlined previously, so the undersigned will provide only the essential facts here.  Woods was involved in a motor vehicle accident on December 18, 2016, during which she sustained extensive injuries.  In September 2018, she made a claim with Defendant Standard Fire Insurance Company ("Travelers") for the $100,000 limit of her

---

[1] Woods asked the Court to direct the defendant to repay monies it collected pursuant to an order taxing costs against Woods because that order was later vacated. [*See* Record No. 211.] However, Woods has withdrawn the request as moot based on the defendant's representation that it did not collect any monies for costs.

- 1 -

father's underinsured motorist ("UIM") policy.[2]  Woods had already received a $50,000 payment from the other driver's insurer, as well as $10,000 in PIP benefits and $1,000 in medical pay from Travelers.  Travelers responded to Woods' claim on October 5, 2018, by offering to pay her $39,000 in UIM coverage, which represented the $100,000 policy limit, offset by the $61,000 Woods had already received from other sources.

Woods filed suit against Travelers.  On August 14, 2019, the Court ruled that Woods was entitled to the full $100,000 in UIM benefits because offsets are prohibited under Kentucky law.  [Records No. 15, 17]  The case was not finally resolved until October 7, 2022, after which Woods filed a notice of appeal.  The United States Court of Appeals for the Sixth Circuit largely affirmed this Court's decision but concluded that Woods was entitled to interest with respect to Travelers' delayed payment of UIM benefits pursuant to the Kentucky Motor Vehicle Reparations Act ("KMVRA"), Ky. Rev. Stat. § 304.29-210.  Following remand, Woods filed a motion for an award of interest in the amount of $11,901.37.

If a payment for UIM benefits is overdue by 30 days or more, then repayment must be made with interest.  *Woods*, 2023 WL 7304836, at *3 (citing Ky. Rev. Stat. § 304.39-210).  The Sixth Circuit determined that 12 percent is the proper rate of interest in this case.  *See id*. at *4; Ky. Rev. Stat. § 309.29-210(2) ("Overdue payments bear interest at a rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum.").  Accordingly, this Court's only task is to determine the amount of interest due.

---

[2] Woods was driving a vehicle owned by her father and insured by Travelers at the time of the accident.  [*See* Record No. 15, p. 3.]

Woods contends that the period of delay in this case is 362 days, beginning on the date Travelers made the improper offer of $39,000 (October 5, 2018), and ending the date that Woods received payment of the full $100,000 (October 2, 2019). Accordingly, she contends that the amount of interest would be calculated as follows:

$100,000 x 0.12 = $12,000

$12,000 / 365 = $32.87671 per day

$32.87671 x 362 days = $11,901.37

Travelers asserts in response that it only owes Woods interest on $61,000 (i.e., the proceeds that were not part of its original $39,000 offer). It does not dispute that it failed to pay Woods *any* UIM benefits until it paid her $100,000 on October 2, 2019. Instead, it argues that Woods "judicially admitted" in a discovery response that the amount of interest owed is $7,320.02. [Record No. 213, p. 2] Woods concedes that she made "an erroneous interest calculation . . . over [three] years ago in a damages interrogatory answer." [Record Nos. 214, p. 2; 138-4, p. 63]

The Court is not persuaded by Travelers' "judicial admission" argument. "Statements become judicial admissions only when they are 'deliberate, clear and unambiguous' and 'typically concern only matters of fact.'" *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999) (quoting *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997)).[3] Further, the scope of judicial admissions does not include counsel's legal theories which, in

---

[3] The defendant cursorily cites *Lee v. S&E Flag Cars, LLC*, 2022 WL 56522 (E.D. Ky. Jan. 5, 2022) in support of its position, but the judicial admissions in that case are easily distinguished from the Court's duty to correctly calculate the amount of interest owed to a party. For instance, the court in *Lee* observed that the defendants had judicially admitted that a particular individual was in charge in hiring, firing, and supervising other individuals for purposes of the plaintiffs claims under the Fair Labor Standards Act.

this case, includes the proper method of calculating interest on an overdue benefits award. *See MacDonald*, 110 F.3d at 340 (citing *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972)). The time from which interest should be calculated is purely a matter of law, to be determined by the Court. *See Edwards v. Equitable Life Assur. Soc. of U.S.*, 177 S.W.2d 574, 578 (Ky. 1944). *See also Appalachian Reg. Healthcare, Inc. v. U.S. Nursing Corp.*, 2018 WL 6323074, at *3 (E.D. Ky. Dec. 4, 2018) (observing that "if damages are both undisputed and liquidated, prejudgment interest is payable as a matter of law") (citing *Nucor Corp. v. Gen. Elec.*, 812 S.W.2d 136, 144 (Ky. 1991)).

The Sixth Circuit provided guidance in this particular case, observing that, "viewing the evidence in the light most favorable to Woods and taking her evidence as true, we conclude that the time between the assertion of the set-off and the payment in full to Woods constituted a 'delay or denial' of UIM benefits, as it unlawfully used a set-off to deprive Woods of money guaranteed to her under the insurance policy." *Woods*, 2023 WL 7304836, at *4. This is the most logical timeframe for assessing interest and Travelers does not assert any basis for challenging it. Accordingly, the Court will award interest for this period at a rate of 12 percent in the amount of $11,901.37.

Based on the foregoing analysis, it is hereby

**ORDERED** that Plaintiff Laura N. Woods' motion [Record No. 212] is **GRANTED**.

Dated: April 4, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky